**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ROBERT LEE EVANS,** ) | **CASE NO. 4:20 CV 1415** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| v. ) | |
| ) | |
| **MARK WILLIAMS, WARDEN, et al.,** ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

*Pro se* Petitioner Robert Lee Evans, a federal prisoner incarcerated at FCI Elkton ("Elkton"), has filed an emergency petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 against Warden Williams and Dr. Dunlop, Elkton's Clinical Director. (Doc. #: 1). Evans raises two issues in the petition – the first is related to the COVID-19 outbreak at Elkton and the second is related to a CPAP[1] machine. For the reasons that follow, the petition is dismissed without prejudice.

**A. Standard of Review**

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). A § 2241 petition "'is appropriate for claims challenging the execution or manner in which [a prisoner's] sentence is served.'" *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *5 (N.D. Ohio Apr. 22, 2020), vacated on other grounds 961 F.3d 829 (6th Cir. 2020), (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).

---

[1] CPAP is the acronym for "Continuous Positive Airway Pressure."

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A district court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The principle of liberal construction generally afforded *pro se* pleadings applies to petitions for a writ of habeas corpus. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## B. Discussion

### COVID-19 claim

In addition to the petition, Evans filed a "Related Case Motion" (Doc. #: 2) wherein he asks this Court to find another § 2241 petition currently pending in the Northern District of Ohio – *Wilson v. Williams*, Case No. 4:20 CV 794 ("Related Case") – related to the instant petition. Petitioner incorporates the Related Case in its entirety into the instant petition. (*Id.*)

The judicial officer in the Related Case determined that a subclass of Elkton inmates are especially medically vulnerable to COVID-19 ("Vulnerable Subclass") and directed the Federal Bureau of Prisons ("BOP") to immediately identify inmates who meet the criteria of the Vulnerable Subclass and to evaluate each subclass members' eligibility for transfer out of Elkton. *Wilson*, 2020 WL 1940882, at *6, 10. Evans has been identified by the BOP as a member of the Vulnerable Subclass in the Related Case. *See* Related Case, Doc. #: 35-1. The Related Case remains pending.

In the instant petition, Evans seeks release from Elkton to home confinement or immediate furlough because of his medical vulnerability to COVID-19. The members of the

Vulnerable Subclass in the Related Case, which includes Evans, also seek release to home confinement, parole, or half-way houses. *Wilson*, 2020 WL 1940882, at *6.

The Court finds that Evans' COVID-19 claim in the instant petition is duplicative of the Related Case where, as a member of the Vulnerable Subclass, he seeks the same relief for the same reasons that he seeks here. Accordingly, Evans' petition as it relates to COVID-19 is dismissed without prejudice as duplicative of the Related Case. *See Davis v. U.S. Parole Com'n*, 870 F.2d 657, 1989 WL 25837, at * 1 (6th Cir. March 7, 1989) (a district court may properly dismiss a *habeas* petition as duplicative where the petition is "essentially the same" as a previously-filed pending petition); *see also Christy v. Lafler*, No. CIV. 05CV74560DT, 2005 WL 3465844, at *1 (E.D. Mich. Dec. 19, 2005) (dismissing habeas petition as duplicative where an earlier filed petition and later filed petition seek the same relief) (citation omitted).

**CPAP claim**

Evans claims in the petition that defendants have deprived him of a CPAP machine, which he requires due to a medical condition, in violation of the Eighth Amendment to the United States Constitution. (*See* Doc. #: 1 at 7-8). This claim, however, challenges a condition of Evans' confinement and not the execution or manner in which his sentence is served. *See Christy v. Lindamood*, No. 1:18-CV-00008, 2018 WL 1907447, at *3 (M.D. Tenn. Apr. 23, 2018) (state prisoner raises § 1983 claim concerning conditions of confinement where he complains that he cannot use his CPAP machine because his cell lacks electricity). Claims concerning a federal prisoner's conditions of confinement are not cognizable habeas claims and must instead be raised pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

*Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).[2] *See Shah v. Quintana*, No. CV 5:16-122-KKC, 2016 WL 2599113, at *1 (E.D. Ky. May 5, 2016) (a federal prisoner challenging the conditions of his confinement "must be asserted in a civil rights action pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); it is not cognizable in a habeas corpus petition under § 2241.") (citing *Martin v. Overton*, 391 F. 3d 710, 712-14 (6th Cir. 2004) (§ 2241 petition seeking transfer to a different prison with better medical facilities does not sound in habeas); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.")).

"Because the procedural requirements for habeas petitions and § 1983 or *Bivens* actions differ, a court confronted with a habeas petition that is properly brought under § 1983 or *Bivens* should dismiss the petition, rather than 'converting' the petition to a § 1983 or *Bivens* action." *Moreno v. Shartle*, No. 4:10 CV 0824, 2010 WL 3221942, at *3 (N.D. Ohio Aug. 12, 2010) (citations omitted); *see also Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec.15, 1999) ("The district court properly dismissed Okoro's conditions of confinement claim, because it is not the type of claim that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement.") (citation omitted).

Evan's claim in the petition concerning a CPAP machine is dismissed without prejudice.

**C. Conclusion**

---

[2] "*Bivens* acts as a counterpart to 42 U.S.C. § 1983 actions where the former is the proper vehicle for bringing constitutional violation suits against federal actors while the latter is used for suits against state actors." *Webb v. Lucas*, No. 1:07CV3290, 2011 WL 6140517, at *3 (N.D. Ohio Dec. 9, 2011) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66-67, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001)).

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and dismissed without prejudice pursuant to 28 U.S.C. § 2243.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

   s/*Dan Aaron Polster*     July 8, 2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.